■ In the Matter of the Arbitration between A. ALFRED FRANKS, Respondent, and PENN-URANIUM CORPORATION et al., Appellants.—Motion for leave to appeal to the Court of Appeals or for reargument denied. Concur — Breitel, J. P., Botein, Rabin and Bergan, JJ. [See *ante*, p. 649.]

■ INDUSTRIAL PLANTS CORPORATION v. INDUSTRIAL LIQUIDATING CO. INC., et al.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ.

■ DAVE HERSTEIN CO., INC. v. COLUMBIA PICTURES CORP.— Motion for reargument denied, with $10 costs. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ. [See *ante*, p. 907.]

■ NATIONAL CITY BANK OF NEW YORK et al., as Trustees under the Will of GEORGE H. NORMAN, Deceased, Respondents, v. EDITH H. BEEBE, Individually and as Executrix of MABLE N. CERIO, Deceased, et al., Respondents; and FREDERICK H. PRINCE, JR., Individually and as Executor of NORMAN PRINCE, Deceased, Appellant.— Motion for leave to appeal to the Court of Appeals, denied, with $10 costs. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan JJ. [See *ante*, p. 831.]

■ WANDAJUNE KEARNEY v. MICHAEL M. KEARNEY.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs, and the time of the defendant to answer the complaint is extended until 20 days after service of a copy of the order, with notice of entry, upon the defendant. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ. [See *ante*, p. 903.]

■ JOSEPH F. EGAN, Plaintiff, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant; FIVE BORO CONSTRUCTION CORP., Third-Party Defendant-Respondent.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs, and the time of the third-party defendant to answer the third-party complaint is extended until 20 days after service of a copy of this order, with notice of entry, upon the attorney for the third-party defendant. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ. [See *ante*, p. 827.]

(June 25, 1957)

■ SINRAM-MARNIS OIL CO., INC., Respondent, v. READING-SINRAM-STREAT COALS, INC., et al., Appellants.

*Per Curiam.* The judgment appealed from, in addition to restraining defendants from the use of the name "Sinram" in its fuel oil business and directing an accounting, enjoins them from attempting to secure any of plaintiff's employees to breach their contracts of employment with plaintiff and also restrains defendants " from carrying on any acts, scheme or plan attempting to destroy plaintiff's business ". We think the latter two restraining provisions should not have been allowed. The evidence is clear that there was no attempt to secure the services of the plaintiff's employees after July, 1956. This was prior to the time of the public announcement by the defendants of their entry into the oil business and about five months prior to the institution of this action. Nor was there evidence of any attempt to do so subsequent to that date. Considering the added fact that at the time complained of these employees acted as salesmen jointly for the plaintiff and the defendants, the injunction restrain-